## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

JESSE ANDREW LEON GUERRERO,
*aka* **Jesse Aaron Leon Guerrero**
DOB: 01/10/1972

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0690-24**
GPD Report Nos. 24-23035/24-17683/24-20828/
24-23045

**DECISION & ORDER
RE. MOTION TO DISMISS**

This matter came before the Honorable Alberto E. Tolentino on February 20, 2025, for a motion hearing. Defendant Jesse Andrew Leon Guerrero ("Defendant") was present with counsel Attorney Thomas Fisher. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). The court addressed the Defendant's Motion to Dismiss filed on January 29, 2025. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. At a subsequent motion hearing on April 21, 2025, the court orally denied the Defendant's Motion to Dismiss. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now memorializes its oral ruling, **DENYING** the Defendant's Motion to Dismiss in this Decision and Order.

\\

\\

## BACKGROUND

On October 8, 2024, the Defendant was charged with the following offenses: (1) Three counts of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE FOR DELIVERY, DISPENSING, OR MANUFACTURING (As a 1st Degree Felony); and (2) POSSESSION OF A FIREARM WITHOUT VALID IDENTIFICATION (As a 3rd Degree Felony). *See* Indictment (Oct. 8, 2024).

The Defendant asserted his right to speedy trial at arraignment on November 21, 2024. As a result, the court issued its Criminal Trial Scheduling Order, setting jury selection and trial for December 30, 2024.[1] *See* C.T.S.O. (Dec. 3, 2024). On December 18, 2024, the court held a pre-trial conference where the Defendant stated on the record that he submitted a Petition for Writ of *Habeas Corpus* in this case. *See* Pre-Trial Conference Mins. at 9:27:03AM (Dec. 18, 2024). Later that day, the court addressed this issue at a continued pre-trial conference. Ultimately, the Defendant withdrew the Petition and, upon his request for release from confinement at the Department of Corrections, was released on house arrest. *See* Pre-Trial Conference Mins. at 3:07:17PM (Dec. 18, 2024).

At the continued pre-trial conference on December 27, 2024, the Defendant agreed to waive his right to speedy trial until January 10, 2025. *See* Pre-Trial Conference Mins. at 2:37:44PM (Dec. 27, 2024). Upon the Defendant's temporary waiver, the court vacated jury selection and trial originally scheduled for December 30, 2024, and continued the pre-trial conference to January 10, 2025. *Id.* At that conference, the court ordered the People to produce information regarding confidential informants by close of business on January 13, 2025, if they intended to utilize any. *See* Pre-Trial Conference Mins. at 2:14:20PM (Jan. 10, 2025).

---

[1] In accordance with the forty-five (45) day period under 8 G.C.A. § 80.60(a), the last day to bring the Defendant to trial was January 5, 2025.

After receiving no information regarding the People's confidential informants, the Defendant filed a Suggestion of Contempt and Motion on January 14, 2025. In response, the People filed under seal an *Ex Parte* Motion for Relief and Clarification on January 17, 2025. At the status hearing held on January 23, 2025, the court addressed the Defendant's Suggestion of Contempt and Motion and the People's *Ex Parte* Motion.; however, the Defendant also asked the court to release the defendant of all pre-trial conditions and dismiss this case with prejudice, noting that the court was without jurisdiction to proceed against the Defendant. *See* Status H'rg Mins. at 3:37:50 – 38:25 (Jan. 23, 2025).

On January 29, 2025, the Defendant filed the instant Motion to Dismiss ("Motion") and a Motion in *Limine*. In response to the Defendant's Motion, the People filed its Motion for Leave of Court to file Response on the day of the motion hearing. During this motion hearing on February 20, 2025, the court heard oral arguments on the Defendant's two motions as well as his co-defendant's Motion to Suppress.[2] In regards to the Defendant's Motion in *Limine*, the court granted "the exclusion of all the evidence as to that confidential informant." Mot. H'rg Mins. at 2:49:57 – 50:49PM (Feb. 20, 2025). For the Defendant's Motion to Dismiss, the court took the matter under advisement.

## **DISCUSSION**

Pursuant to 8 G.C.A. § 80.60, the court shall dismiss a criminal action for failure to commence trial of a defendant within forty-five (45) days after arraignment. *See* 8 G.C.A. § 80.60(a)(2).

\\

\\

---

[2] Because the Defendant did not join in on his co-defendant's Motion to Suppress, the court will not address the argument made on it.

Subsection (b) of 8 G.C.A. § 80.60 outlines the following exceptions to a trial court's dismissal of a criminal action for failure to commence trial within the forty-five (45) day period:

(1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
(2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
(3) Good cause is shown for the failure to commence the trial within the prescribed period.

8 G.C.A. § 80.60(b)(1)–(3). It is undisputed that trial did not commence within forty-five (45) days of the Defendant's arraignment. However, the court will review whether any of the three exceptions to this case's dismissal under 8 G.C.A. § 80.60(a)(2) apply.

## A. Defendant Leon Guerrero expressly consented to set a trial date beyond December 30, 2024.

"[S]uch an action will *not* be dismissed if the action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, *express or implied*, and he is brought to trial on the date so set or within ten (10) days thereafter" *Quinata v. Superior Court (People)*, 2010 Guam 8 ¶ 13 (citing 8 G.C.A. § 80.60(b)(1) (2005) (emphasis added)).

The Defendant claims that he "has not waived his right to speedy trial either explicitly or implicitly." Mot. Dismiss at 2 (Jan. 29, 2025). Although jury selection and trial was originally set for December 30, 2024, the Defendant through counsel orally requested to vacate that trial date during a pre-trial conference on December 27, 2024. Specifically, defense counsel made this request to review approximately one hundred twenty (120) pages of discovery he received the day before. *See* Pre-Trial Conf. Mins. at 2:38:50 –39:11 (Dec. 27, 2024).[3] Upon hearing the Defendant's verbal consent to having a trial after December 30, 2024, the court vacated that jury

---

[3] *See People v. Flores*, 2009 Guam 22 ¶ 36 (citing *People v. Super. Ct. (Alexander)*, 37 Cal. Rptr. 2d 729,738 (Ct. App. 1995) ("However, if the reason for the delay is to benefit the defendant because defense counsel needs additional time to prepare the case or to secure witnesses, the case can properly be continued.").

selection and trial date and continued the pre-trial conference to January 10, 2025. *Id.* Inasmuch as the Defendant filed his waiver of speedy trial until January 10, 2025; the court finds that he expressly consented to a trial date beyond December 30, 2024.

**B. The court also finds good cause for failure to commence trial within the nine (9) days remaining on Defendant Leon Guerrero's speedy trial clock.**

Pursuant to 8 G.C.A. § 80.60, the court shall dismiss a criminal action for failure to commence trial of a defendant within forty-five (45) days after arraignment *unless* there is good cause for failure to commence the trial within the forty-five (45) day time period. *See* 8 G.C.A. § 80.60(b)(3). "[W]hat constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court." *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *California v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). "[G]enerally speaking, delay that is 'caused by the conduct of the defendant' or intended 'for the defendant's benefit' constitutes good cause." *Id.* (citing *Johnson*, 606 P.2d at 746; *People v. Ibanez*, DCA 91-0001A, 1992 WL 97221, at * 2 (D. Guam App. Div. Apr. 16, 1992); *see also Carver v. Superior Court of Guam (People)*, 1998 Guam 23 ¶¶ 14-16.

Upon the end of the Defendant's temporary waiver of speedy trial on January 10, 2025, the last day to bring the Defendant to trial became January 21, 2025.[4] On January 10, 2025, the court ordered the People to disclose information regarding confidential informants *if* it intended to present any at trial; notwithstanding the People's objection to its disclosure. *See* Pre-Trial Conference Mins. at 2:14:20PM (Jan. 10, 2025). The Defendant filed a Suggestion of Contempt and Motion on January 14, 2025, after receiving no information about the People's confidential informant by the court's January 13th deadline. Although the People filed under seal an *Ex Parte*

---

[4] Because the expiration date of January 19, 2025, fell on a Sunday and the following day was a holiday, the last day to bring the Defendant to trial became January 21, 2025.

Motion for Relief and Clarification on January 17, 2025, it was still unclear to the court why the confidential informant was not produced and whether the People still intended to use a confidential informant at trial. At its earliest convenience, the court scheduled a status hearing for January 23, 2025, to determine how all parties intended to go forward in this case. The court found that a status hearing was necessary before setting a trial date when considering the circumstances surrounding the confidential informant's uncertain presentation at trial and how this might affect the Defendant or his co-defendant at the time.

The court finds that the Defendant's Suggestion and of Contempt and Motion for the People's failure to disclose the confidential informant was intended for the Defendant's benefit and necessary for him to properly prepare his defense. Therefore, the delays involving the production of any confidential informant were sufficient good cause to toll the Defendant's speedy trial clock until its resolution.

### C. Alternatively, Defendant Leon Guerrero implicitly consented to a trial date beyond the statutory period.

As mentioned earlier, a criminal action will not be dismissed if a defendant expressly or implicitly consented to a trial date beyond the statutory period. *See Quinata v. Superior Court (People)*, 2010 Guam 8 ¶ 13 (citing 8 G.C.A. § 80.60(b)(1) (2005) (emphasis added)). "While assertions of rights are entitled to strong evidentiary weight, they are to be viewed in light of the defendant's other conduct." *Flores*, 2009 Guam 22 ¶ 32 (citing *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986). Alternative to the court's finding of good cause, the court also finds that the Defendant implicitly consented to a later trial date based on his conduct in proceeding with trial. Specifically, the Defendant's actions, subsequent to his Motion being taken under advisement, have been inconsistent with any argument that this court no longer has jurisdiction to go forward with trial against him.

Without objection from either party, the court scheduled a pre-trial conference for April 16, 2025, and jury selection and trial for April 21, 2025. *See* Further Proceedings Mins. at 2:23:48PM (Mar. 28, 2025). At the pre-trial conference, the Defendant expressed his intent to proceed with trial on the 21st, and understood potential evidentiary issues between the original and superseding indictments that must be addressed before trial can begin. *See* Pre-Trial Conference Mins. at 9:36:04AM (Apr. 16, 2025). Instead of objecting on the record to a trial date or filing an objection to the trial date beyond the statutory period, the Defendant filed a Motion in *Limine* asking that "the venire be assembled no later than 21 April 2025 for jury selection." *See* Mot. *Limine* (Apr. 16, 2025).

On April 17, 2025, the Defendant was arraigned on the superseding indictment. *See* Arraignment H'rg Mins. at 9:40:25AM (Apr. 17, 2025). Upon the court's question of how the Defendant wished to plead to the charges in the superseding indictment, the Defendant through counsel stated on the record, "we plead not guilty to the charges contained therein. We ask for a jury trial of twelve, *Laxamana* material, and the grand jury disk, and we are asserting the right to speedy trial." *Id.* at 9:41:05 – 41:12AM.[5] The Defendant also filed the following documents in preparation for jury selection and trial: Assertion of Speedy Trial; Defendant's Proposed Voir Dire; Defendant's Notice of Defenses; Defendant's Witness List; and Defendant's Proposed Instructions.[6] At this time, the issue of this case's dismissal for violation of speedy trial was still under advisement.

In the morning of trial on April 21, 2025, the court addressed the Defendant's pending motions before it. Upon the court's denial of the Motion, the parties agreed that a possible

_____

[5] In *People v. Quitugua*, the Guam Supreme Court indicated that a criminal is not required to admit guilt in accordance with 8 G.C.A. § 60.40 and North Carolina caselaw. *See People v. Quitugua*, 2009 Guam 5 ¶ 54 FN15 (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

[6] *See* Assertion (Apr. 17, 2025); Def.'s Proposed Voir Dire (Apr. 17, 2025); Def.'s Notice of Defenses (Apr. 17, 2025); Def.'s Witness List (Apr. 17, 2025); Def's Proposed Instructions (Apr. 17, 2025).

suppression motion regarding confidential informants needed to be resolved before beginning trial. *See* Mot. H'rg Mins. at 10:16:10AM (Apr. 21, 2025). Based on this agreement, the court granted the Defendant's oral request for leave of court to file a motion to suppress, and vacated jury selection and trial scheduled for that afternoon. *Id.*[7] The Defendant subsequently filed his Motion to Suppress on May 2, 2025.

In the Defendant's Motion, he argued that "[t]his case should be dismissed as trial is now untimely." Mot. Dismiss at 2 (Jan. 29, 2025). In light of all of the circumstances that followed the filing of the Motion, they are inconsistent with the Defendant's argument that this court lacked jurisdiction in this case; and his request to dismiss this case with prejudice. If the Defendant believed that this case could not proceed to trial anymore; his subsequently filed pleadings and conduct at hearings while the case's dismissal remained under advisement do not reflect that belief. Therefore, the court finds that the Defendant's actions, which were inconsistent with a Motion to Dismiss, implied the Defendant's consent to proceed to trial at a later date.

\\

\\

\\

\\

\\

\\

\\

\\

\\

---

[7] The court may allow a party to file a motion beyond the time limit previously set by the court. *See* 8 G.C.A. § 65.45. When permitting such a request, the court balances its ability to control its docket with the defendant's right to prepare a defense. *See Ungar v. Sarafite*, 376 U.S. 575, 590 (1964).

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the Defendant's Motion to Dismiss.

MAY 1 5 2025

**SO ORDERED** this _____.



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
Copy of the original was e mailed to
*AG, Fisher*

Date *5/15/25* Time: *4:5/pm*
*Albert Caldeo*
Deputy clerk , Superior Court of Guam